Pearson, J.
 

 The plaintiffs were entitled to the reversion-ary interest in a negro boy, after the death of their mother. She married one Griffice, and took the boy into possession, and in 1838, sold him to the defendant, for the price of $580, who soon thereafter canned him out of the. State to parts unknown, and sold him at an advance of $85. Mrs* Griffice died in March, 1844.
 

 The plaintiffs allege, that the defendant had notice of their right, and they pray that he may discover the amount for which he sold the negro, and account therefor.
 

 The defendant denies that he had notice, and avers that the advance in the price was not more than enough to pay his expenses, and a reasonable advance for his commissions and risk.
 

 
 *299
 
 Wé are satisfied the defendant had notice.
 

 It \yas insisted, that the plaintiffs had a remedy at law by a special action on the case, and this Court ought not to take jurisdiction. It is true, the plaintiffs might have recovered damages at law, without showing notice.' But, by showing notice, they fix the defendant with a fraud; and, as he carried the negro to parts unknown, they have a right to follow the fraud, to call for a discovery, and to hold him to account for the sum which he received. We give no opinion as to the necessity of proving notice, in order to give this Coui-t jurisdiction.
 

 This was decided in
 
 Cheshire
 
 v
 
 Cheshire,
 
 2 Ire. Eq. 569. It was held in that case, that the defendant, if charged with the sum, for which the slave sold, had a right to an allowance for expenses, commissions, &c. The defendant says, these items will about equal the advance in the price. Assuming this to be true, the plaintiffs are entitled to a decree for the sum of $580, with interest from the death of Mrs. Griffice, March, 1844.
 

 The defendant must pay the costs.
 

 Pee Cueiam. Decree accordingly.